**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:17-cv-589-FDW**
**(3:15-cr-82-FDW-1)**

| | | |
|---|---|---|
| **JOSE PINEDA-ALANIS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's "18 U.S.C. § 3582 Motion to Modify and Reduce Sentence," (Doc. 1), that was docketed in the instant civil case as a 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

## I.  PROCEDURAL HISTORY

Petitioner pled guilty to a single count of conspiracy to distribute and possess with intent to distribute methamphetamine in the underlying criminal case. (3:15-cr-82-FDW, Doc. Nos. 2-3). The Presentence Information Report ("PSR") was calculated based on the 2014 U.S. Sentencing Guideline Manual. The base offense level was scored as 34 based on the amount of drugs for which Petitioner was responsible, 501.1 grams of actual methamphetamine. U.S.S.G. § 2D1.1 (3:15-cr-82-FDW, Doc. No. 11 at ¶ 18). Two levels were deducted pursuant to the safety valve, and three levels were deducted for acceptance of responsibility, resulting in a total offense level of 29. (3:15-cr-82-FDW, Doc. No. 11 at ¶¶ 19, 25-27). He had no criminal history points and criminal history category of I. (3:15-cr-82-FDW, Doc. No. 11 at ¶ 36). The resulting advisory guideline range was 87-108 months' imprisonment. (3:15-cr-82-FDW, Doc. No. 11 at ¶ 50). The

Court adopted the PSR without change and, on August 13, 2015, sentenced him to 97 months' imprisonment followed by two years of supervised release. (3:15-cr-82-FDW, Doc. Nos. 15-16).

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States.  Further, the Court finds that this matter can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

Petitioner seeks relief pursuant to Amendment 782 of the U.S. Sentencing Guidelines, which reduced the sentencing guidelines for most federal drug trafficking offenders by reduced by two levels the offense levels in USSG § 2D1.1(c)'s Drug Quantity Table. The U.S. Sentencing Commission made Amendment 782 retroactive effective November 1, 2014.

A petition for a reduced sentence pursuant to a U.S. Sentencing Guideline Amendment is properly brought via § 3582 rather than § 2255. See United States v. Goines, 357 F.3d 469, 473 (4th Cir. 2004); Boulware v. United States, 2016 WL 6986708 (W.D.N.C. Nov. 28, 2016) (stating that a petitioner must seek relief based on a retroactive amendment to the sentencing guidelines under § 3852, if at all). Therefore, the *pro se* Petition correctly labeled the instant petition as one under § 3582, and it should not have been reconstrued as a § 2255 Motion to Vacate. Therefore the instant § 2255 civil action is dismissed without prejudice.

2

Petitioner's claim for relief under § 3582 is meritless. Petitioner was sentenced under the 2014 version of the U.S. Sentencing Guideline Manual. See (3:15-cr-82, Doc. No. 11 at ¶ 17). That version of the Manual includes the Amendments effective November 1, 2014, *i.e.*, Amendment 782. Petitioner's base offense level was scored as 34 for at least 500 grams, but less than 1.5 kilograms, of actual methamphetamine. U.S.S.G. § 2D1.1(c)(3) (2014). That offense level reflects a two-level reduction from the 2013 Guidelines pursuant to Amendment 782. No further reduction is warranted.

## IV.    CONCLUSION

For the reasons stated herein, the Court will dismiss the instant § 2255 action without prejudice. The *pro se* pleading is instead considered on the merits under § 3582 and relief is denied as meritless.

**IT IS, THEREFORE, ORDERED** that

1.    The Motion to Vacate, (Doc. 1), **DISMISSED** without prejudice.

2.    The Clerk of Court is ordered to close this civil case.

3.    Petitioner's *pro se* Motion to Modify and Reduce Sentence, (3:15-cr-82, Doc. No. 18), pursuant to 18 U.S.C. § 3582 is **DENIED**.

4.    The Clerk of Court is instructed to docket a copy of this Order in case number 3:15-cr-82-FDW, and terminate the pending motion, docket number 18.

5.    **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 23, 2018

Frank D. Whitney
Chief United States District Judge